UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 472 |
| v. | ) | |
| | ) | |
| CHRISTOPHER HOPKINS | ) | Judge Matthew F. Kennelly |

### **Government's Supplemental Sentencing Memorandum**

Prior to the appeal in this matter, the Court sentenced defendant to an 11-year term of imprisonment. Because there has been no material change in the facts that supported the Court's sentence, the government requests that the Court impose that same sentence again.

Defendant's guideline range, driven by the career offender guideline, remains 262 to 327 months. Supp. Report ¶ 42. But for the career offender guideline, defendant's range would have been 211 to 248 months. *Id.* At defendant's original sentencing, the probation officer and the government both recommended a sentence of 204 months' imprisonment, slightly below the non-career offender guideline range. The Court imposed a 132-month sentence.

While the government believes that its original sentencing recommendation was warranted, it recognizes that there have been no material changes since the Court originally pronounced sentence. Thus, the

government requests that the Court sentence defendant to a 132-month term of imprisonment.

As more fully set forth in the government's original memorandum, a 132-month sentence is amply supported by the nature of the offense and the history and characteristics of the defendant. An 11-year sentence is below the non-career offender range and well below the career offender range. But the requested sentence is, appropriately, higher than defendant's lengthiest prior sentence, which was 10 years. Report ¶ 51. A 132-month sentence is also justified by the nature of the offense. Defendant possessed and distributed a significant amount of MDMA and methamphetamine. He possessed a loaded gun at the location where he stored and distributed drugs. The 132-month sentence is likewise appropriate in light of defendant's length criminal history, which includes seven drug convictions, *id.* ¶¶ 49, 51–59, and an incident where defendant shot someone in the leg, *id.* ¶ 51.

Defendant's lengthy history of drug trafficking and gun possession, the nature of the offense conduct in this case, the need to deter defendant and the need to protect the public from further crimes all justify a sentence of 132 months.

    Respectfully submitted,

    MORRIS PASQUAL
    Acting United States Attorney

By: s/ *Scott M. Edenfield*
    Scott M. Edenfield
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604